UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PAUL BUTLER,                                      Case No. 4:04-CV-143

   Petitioner,                                                       Hon. Richard Alan Enslen

v.

CAROL HOWES,
                                                                            **FINAL ORDER**
   Respondent.
                                                    /

This matter is before the Court on Petitioner James Paul Butler's *pro se* Motion to Amend Petition for Writ of Habeas Corpus or Equitably Toll Petition for Writ of Habeas Corpus.[1] Petitioner has attached a Proposed Amended Petition. In accordance with the standards accorded *pro se* filers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court treats Petitioner's Motion as both a habeas petition and Motion to Amend the original petition filed on October 29, 2004.[2] For the reasons articulated below, the Court finds that Petitioner's amendment is futile based on the limitation period. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

A petitioner seeking habeas relief must comply with the one-year statute of limitation provided in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) provides that the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See also Dodd v. United States*, 545 U.S. 353, 357 (2005). The running of the statute of limitation is tolled when "a properly filed application for State post-conviction

---

[1]The Court erroneously ordered a response from Respondent Carol Howes by Order of February 2, 2008. Such Order was not necessary. In this matter, the Court discerns no reason for oral argument nor further briefing. *See* W.D. Mich. LCivR 7.3(d).

[2]The Court dismissed Petitioner's original petition for lack of exhaustion of state court remedies, namely, Petitioner's failure to file a motion pursuant to Michigan Court Rule 6.500.

or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Stated another way, the limitation period is tolled from the time a state appeal is filed until a decision is issued by the state supreme court, assuming timely filings. *See Lawrence*, 127 S. Ct. at 1083–84 (*overruling Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003)).

By the time Petitioner submitted his original habeas petition, he had very few days remaining in the limitation period.[3] Petitioner filed a Rule 6.500 Motion after the Court dismissed his original petition, which the Michigan Court of Appeals denied on November 20, 2006. (*See* Dkt. No. 6, Ex. 3). The Michigan Supreme Court thereafter denied Petitioner leave to appeal on September 24, 2007. (*Id.*) This Court received Petitioner's filing approximately three months later on December 26, 2007. Accordingly, the Court finds Petitioner no doubt filed his habeas petition outside the limitation period.

Nevertheless, Petitioner requests that his petition be considered based on equitable tolling. Equitable tolling is granted sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The burden of establishing equitable tolling is on the petitioner. *Id.* To benefit from equitable tolling, a petitioner must show that: 1) he was diligently pursuing his rights; and 2) some extraordinary circumstances stood in the way of his timely compliance. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988). Petitioner has not demonstrated that he was diligently pursuing his rights or that some extraordinary circumstance stood in the way of timely compliance. Accordingly, the Court finds that Petitioner has not met the burden of establishing equitable tolling. *See Draper v. Trombley*, No. 2:06cv12405, 2007 WL 1041252, at *3–4 (E.D. Mich.

---

[3]Petitioner contends he had five days remaining, (*see* Mot. to Amend ¶ 1), although the exact number of days is nondispositive as demonstrated *infra*.

Apr. 4, 2007) (concluding that a habeas petition filed three days late did not warrant equitable tolling); *Gilmore v. United States*, Nos. 1:05cr460 & 1:07cv1854, 2007 WL 2301180, at *2 (N.D. Ohio Aug. 8, 2007) (finding that a habeas petition filed two days late did not warrant equitable tolling).

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000), and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Upon review, the Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to all claims.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner James Paul Butler's Motion to Amend Petition for Writ of Habeas Corpus or Equitably Toll Petition for Writ of Habeas Corpus (Dkt. No. 6) is **DENIED as futile**, the Petition for Writ of Habeas Corpus (Dkt. No. 6, Ex. 2) is **DENIED** and **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:        /s/ Richard Alan Enslen
    March 6, 2008                RICHARD ALAN ENSLEN
                              SENIOR UNITED STATES DISTRICT JUDGE